THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of CHARLES HART, Respondent, v. FRANK MUNDELEIN, Appellant.— Judgment by a city magistrate, sitting as a Court of Special Sessions, rendered on the 26th day of January, 1933, convicting the defendant of violating the provisions of section 12, subdivision 1, of the Vehicle and Traffic Law, reversed on the law, the information dismissed, and the fine directed to be remitted. We are of opinion that the truck in question, at the time the defendant was arrested, was being lawfully operated with license plates attached as provided by section 62, subdivision 5, of the Vehicle and Traffic Law. Young, Hagarty and Davis, JJ., concur; Kapper and Carswell, JJ., dissent and vote to affirm, being of opinion that a dealer can operate under a dealer's plates only for demonstration or sale purposes.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE ZITO, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law and the facts, information dismissed and bail exonerated, upon the ground that the People failed to establish the guilt of the defendant. Young, Kapper, Hagarty and Carswell, JJ., concur; Davis, J., dissents.

SAMUEL QUOSSA, Respondent, v. SEA BREEZE HOLDING CORPORATION, Appellant.— Order of Appellate Term reversing judgment of the Municipal Court affirmed, with costs. No opinion. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Scudder, J., dissents.

FILOMENA ROSSANO, Respondent, v. LOFTS, INC., Appellant.— Order in so far as it grants the motion for an injunction *pendente lite* affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

WALTER R. SCHUMACHER, Respondent, v. MAE M. SCHUMACHER, Appellant.— Judgment reversed on the law and the facts, with costs,. and complaint dismissed, with costs. Judgment annulling the marriage between the parties to this action was awarded to the plaintiff on a decision to the effect that the consent of the plaintiff to the marriage was obtained by fraud; that prior to the marriage the defendant falsely represented that she was of sound mind when in fact the representations were false, and that the defendant prior to the marriage had been suffering from a mental disease known to her. The decision is not supported by the evidence. Plaintiff's own proof as well as the defendant's is to the effect that the defendant's mental condition, manifestations of which developed after the marriage, and diagnosed as manic depressive psychosis, was the result of the marital relations. Findings of fact inconsistent with this determination are reversed and new findings consistent herewith will be made. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

HARRY SEGAL, Appellant, Respondent, v. JOSEPH FOSTER, JR., Respondent, Appellant.— Order modified so as to provide that the amount of bail be reduced to $1,000 instead of to $500 as therein provided, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.